# IN THE COURT OF APPEALS OF IOWA

No. 18-0226
Filed May 2, 2018

IN THE INTEREST OF C.L.,
Minor Child,

M.S., Mother,
    Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Craig M. Dreismeier, District Associate Judge.

A mother appeals the termination of her parental rights to her daughter. **AFFIRMED.**

Scott D. Strait, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Maura C. Goaley, Council Bluffs, guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her daughter, asserting the State failed to prove the grounds for termination and the court should not have found termination was in the best interests of the child.  The mother also asserts she should have been given additional time to work toward reunification. Because we agree with the district court that the child could not be returned to the mother at the time of the termination hearing, that termination was in the best interests of the child, and there are no impediments to termination, we affirm.

## I.  Background Facts and Proceedings

C.L., born in February 2017, came to the attention of the Iowa Department of Human Services (DHS) when she was born with amphetamines in her system. The DHS allowed the child to return home with the mother, but the mother admitted to using methamphetamine just one week after giving birth to C.L.  On February 14, C.L. was placed in the care, custody, and control of the DHS.  The DHS offered the mother services including visitation, random drug screens, and substance-abuse evaluations and recommended treatment.  On April 25, C.L. was adjudicated a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o) (2017).

C.L. remained in the care of the DHS while the mother attempted to treat her substance-abuse issues.  In March, the mother began attending an outpatient program, but after two weeks her attendance became sporadic.  In April, the mother entered an inpatient treatment program but left after three days.  Then, in May, the mother entered another inpatient treatment program but left after two days.  In the middle of May, the mother successfully rejoined the same inpatient

program but she again left after one week. The mother did not engage in other services until September, when she received a substance-abuse evaluation. She did not follow through with the recommendations within the thirty-day timeframe, and she was required to obtain another evaluation in October. Again, the mother did not follow through with the recommendations within thirty days. During this time, the mother continuously failed to report for scheduled drug screens. With no sustained progress toward reunification, the State petitioned to have the mother's parental rights terminated. The matter came on for hearing on January 10, 2018, after which the mother's parental rights were terminated under Iowa Code section 232.116(1)(e), (h), and (*l*).

The mother appeals.[1]

## II. Standard of Review

Our review of termination proceedings is de novo, giving weight to the district court's fact findings but not being bound by them. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012).

## III. Grounds for Termination

The mother asserts the State failed to prove the statutory grounds for termination under Iowa Code section 232.116(1)(e), (h), and (*l*). "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *Id.* at 774.

---

[1] The father's parental rights were also terminated. He does not appeal.

We turn to the district court's termination of the mother's rights under Iowa Code section 232.116(1)(h).  The first three elements of paragraph (h) are not in dispute; rather, the mother only maintains the State did not prove the fourth element by clear and convincing evidence—"that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time."  Iowa Code § 232.116(1)(h)(4).  To satisfy its burden of proof under the fourth element, the State must establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance."  *See id.* § 232.102(5)(a)(2);[2] *see also In re A.M.S.*, 419 N.W.2d 723, 725 (Iowa 1988).

The mother asserts she has a clean living space and bedroom for C.L.; however, the mother's substance-abuse issues, not her living arrangements, were the basis for termination.  The mother is thirty-eight years old and admitted to methamphetamine use since she was nineteen.  While the mother now claims to have been sober for the three months leading up to the termination hearing, there is no evidence supporting her claim of sobriety and the record indicates—and the mother admits—she did not participate in ten or more drug screens in September, October, November, and December, immediately preceding the termination hearing.  The DHS caseworker testified the mother had not actively participated in services since June 2017.  Tellingly, the mother testified and downplayed methamphetamine's effects on C.L. and its effects on the mother's ability to parent.  That disregard, combined with the mother's short, unsuccessful stints at inpatient

---

[2] Effective July 1, 2017, this subparagraph was renumbered as section 232.102(6)(a)(2). 2017 Iowa Acts ch. 54, § 31.

and outpatient treatment facilities, indicates C.L. would be subject to some future adjudicatory harm, due to the mother's untreated substance abuse. In determining the future actions of the parent, her past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

Given this behavior, it is clear the child cannot be returned to the mother's care or custody. *See* Iowa Code § 232.116(1)(h)(4). Consequently, we conclude the grounds for termination were established by clear and convincing evidence.

The mother also requested an extension of time to work on her issues and achieve a stable environment for C.L.'s return to her care. *See* Iowa Code § 232.104(2)(b) (providing a court may authorize a six-month extension of time if it determines "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period"). The district court denied the mother's request and found, "More than enough time has expired with no progress toward reunification being made. This child needs permanency." We agree with the district court's denial of additional time.

## IV. Best Interests

We next consider the mother's argument that termination is not in the child's best interests. In doing so, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *Id.* § 232.116(2). We may consider the length of time the child has been in the foster family, the integration of the child into that family, and the "desirability of maintaining that environment and continuity for the child." *Id.* § 232.116(2)(b)(1). C.L. has been removed from the mother's care since she was a newborn and for

the ten months leading up to the termination hearing. She deserves stability and permanency that the mother is not able to provide. Accordingly, we agree with the district court that termination is in the child's best interests.

### V. Impediments to Termination

Finally, if the statutory best-interests framework supports termination of parental rights, the court may consider if any statutory considerations set forth in section 232.116(3) should serve to preclude termination. The mother asserts her bond with C.L. should preclude termination. *See id.* § 232.116(3)(c). Although one DHS caseworker testified there might be a bond between the mother and C.L., she conceded C.L. was asleep during a lot of the visits. Due to C.L.'s young age and length of time out of the mother's care, we agree with the district court that any parent-child bond "is not significant" and does not preclude termination of the mother's parental rights.

### VI. Reasonable Efforts

Finally, the mother argues the DHS did not make reasonable efforts for reunification with the child. The State contends error was not preserved. To preserve error, the mother had an "obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). The mother has failed to state where in the record she objected to the services offered or requested additional services; she asserts the DHS did not provide reasonable efforts because it did not inform the mother of a random drug screen in December. Error has therefore not been preserved. Even if the mother preserved error on this issue, the record reveals the DHS repeatedly offered services to the mother and she failed to comply.

**VII.     Conclusion**

Because we agree with the district court that the child could not be returned to the mother at the time of the termination hearing, that termination was in the best interests of the child, and there are no impediments to termination, we affirm.

**AFFIRMED**.